[Cite as *Filonkenko v. Stevenson*, 2026-Ohio-3002.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tatyana Filonkenko et al., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 25AP-651 |
| v. | : | (M.C. No. 2025 CVG 029564) |
| Lynette Stevenson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 4, 2026

**On brief:** *Kathryn R. Gugle* and *Dow T. Voelker*, for appellees. **Argued:** *Kathryn R. Gugle.*

**On brief:** *Lynette Stevenson*, pro se. **Argued**: *Lynette Stevenson.*

APPEAL from the Franklin County Municipal Court

BOGGS, P.J.

{¶ 1} Defendant-appellant, Lynette Stevenson, appeals the Franklin County Municipal Court's judgment for restitution of premises in this forcible entry and detainer action filed by plaintiffs-appellees, Tatyana Filonkenko and FTD Group LLC. For the following reasons, we affirm the trial court's judgment.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} Stevenson signed a two-year residential lease with appellee FDT Group LLC on August 17, 2023, for a lease term beginning September 1, 2023 and ending August 31, 2025. The lease provided, in part:

> **LEASE PAYMENTS.** The last month of the lease shall be paid on September 01, 2023, with the first month payment. *The last month of the lease payment cannot be applied to any*

> *other month of the rent during the Lease term and* [*is*]
> *applicable only to the month of August 2025.*
>
> Tenant shall pay to Landlord lease payment of $1850.00 per
> month, payable in advance or on the 1st day of each month
> commencing on September 01, 2023.
>
> . . . Lease payments shall be made to Landlord via ACH done by
> landlord's office . . . .
>
> **NON-SUFFICIENT FUNDS.** Tenants shall be charged
> $100.00 as reimbursement of the expenses incurred by
> Landlord for each check or ACH charge that is returned to
> Landlord for lack of insufficient funds. In addition, a check
> returned for due to insufficient funds will be subject to any and
> all Late Payments provisions included in this lease. All charges
> will be immediately due and failure to make immediate
> payment will constitute a default under the terms of this Lease.
>
> . . . Landlord and Tenant agree that three returned checks in
> any twelve-month period constitutes frequent return of checks
> due to insufficient funds and may be considered a just cause for
> eviction.
>
> **LATE PAYMENTS.** For any payment that is not paid within
> (2) two days after its due date, Tenant shall pay a late fee of
> $100.00. Non-payment of dues will start an eviction process
> of the 5 (fifth) calendar day.

(Emphasis in original.) (June 18, 2025 Compl., Lease Agreement at 1, 4.)

Pursuant to the terms of the lease, Stevenson was required to pay at the commencement of her tenancy $1,850 for her first month's rent (September 2023), $1,850 for her last month's rent (August 2025), and a $1,850 security deposit.

{¶ 3} Appellees served Stevenson with a notice to vacate the premises in accordance with R.C. 1923.04 after the ACH payment for her June 2025 rent was denied for insufficient funds and after she did not otherwise pay the rent due by June 5, 2025. Appellees thereafter filed a complaint in the Franklin County Municipal Court against Stevenson for forcible entry and detainer on June 18, 2025, based on Stevenson's failure to pay her June 2025 rent. Appellees sought a writ of restitution of the premises; judgment of $2,140.00, representing the June 2025 rent and associated fees, and $66.13 per day thereafter; judgment in an amount to be determined at trial for damages to the premises beyond normal wear and tear, late charges, and unpaid utility bills; and interest and court

costs.  The trial court granted Stevenson a one-week continuance of the hearing date to allow her to obtain counsel, but Stevenson appeared pro se at the hearing on July 15, 2025.

{¶ 4}  Following the hearing, the magistrate issued a decision granting appellees a judgment for restitution.  The magistrate addressed only appellees' claim for restitution.  The magistrate stated:

> Defendant presented evidence challenging the amount Plaintiff says is due, but acknowledges being past due on the June rent. These arguments are proper for the 2nd + 3rd causes of action on money damages, but that is not before the court today. Because at least some rent is past due and Defendant is still in possession, Judgment for restitution is proper.

(July 15, 2025 Mag.'s Decision.)

{¶ 5}  Stevenson filed objections to the magistrate's decision on July 15, 2025—the same day the hearing was held and the magistrate issued his decision—and filed a motion to stay execution of judgment the following day.  Appellees filed a brief, two-paragraph response to Stevenson's objections on July 30, 2025.  Appellees simply reiterated the magistrate's rationale and urged the trial court to overrule Stevenson's objections and adopt the magistrate's decision based on Stevenson's "own admission that she did not pay June rent, that it remained unpaid and that she was still in possession of the premises." (July 30, 2025 Reply to Def.'s Objs. to the Mag.'s Decision.)

{¶ 6}  On August 7, 2025, the trial judge signed an entry overruling Stevenson's objections and denying Stevenson's motion to stay.  The judge refused to consider evidence attached to Stevenson's filings that had not been introduced for the magistrate to consider at trial and held that the magistrate properly determined, based on Stevenson's own testimony, that Stevenson did not pay rent for June 2025, which was the sole basis for the eviction.  Both that entry, overruling Stevenson's objections, and a separate entry adopting the magistrate's decision and entering judgment for restitution were filed August 8, 2025.[1] The trial court issued a writ of restitution and set out the same day.

---

[1] Also on August 8, 2025, Stevenson filed a motion for leave to file a sur-reply to appellees' response to her objections, arguing she had not been served with appellees' response and that it had not appeared on the trial court's online docket until August 7, 2025, more than a week after it was time-stamped.

{¶ 7}   Stevenson filed a notice of appeal on August 12, 2025.  The trial court granted a stay of execution of judgment upon the condition that Stevenson post a bond, which she posted on August 14, 2025.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}   Stevenson's amended appellate brief sets out ten assignments of error. Rather than list those assignments of error here, we will set out each in our discussion below.[2]  For ease of discussion, we address Stevenson's assignments of error out of order and, in some instances, together.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 9}   When a party files objections to a magistrate's decision, the trial court must undertake a de novo review of the magistrate's decision.  Civ.R. 53; *Wells Fargo Bank, N.A. v. Rahman*, 2013-Ohio-5037, ¶ 11  (10th Dist.).  On appeal from a trial court's adoption of a magistrate's decision, however, the standard of review is more limited.  We will generally only reverse a trial court's adoption of a magistrate's decision if the trial court has abused its discretion, *i.e.*, if the trial court acted in an unreasonable or arbitrary manner.  *Id.*, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2774, ¶ 15 (10th Dist.).  "Where an appeal from the trial court's action on a magistrate's decision, however, presents only a question of law, . . . we review that question de novo."  *Brunetto v. Curtis*, 2011-Ohio-1610, ¶ 10 (10th Dist.), citing *Shah v. Smith*, 2009-Ohio-743, ¶ 7 (1st Dist.).

### B.  Assignments of Error Nos. 5 and 7

{¶ 10}   We begin by addressing and overruling Stevenson's assignments of error that challenge the trial court's authority to hear this case and to render judgment.

#### 1.  Assignment of Error No. 5

{¶ 11}   The fifth assignment of error states, "Eviction Judgment Must Be Vacated Due to Statutory Violations, Premature Enforcement, and Denial of Due Process." (Appellant's Am. Brief at 34.)  Under that assignment of error, Stevenson argues, "The trial court committed reversible error and exceeded its jurisdiction by allowing an eviction to proceed based on a legally defective three-day notice, permitting enforcement through a

---

[2] The assignments of error, as stated in the argument section of Stevenson's appellate brief, differ somewhat from the assignments of error in her statement of assignments of error. We quote and address the assignments of error as set out immediately preceding appellants' argument with respect to each.

prematurely issued writ of restitution, disregarding an active stay order, suppressing critical testimony, and ultimately denying [Stevenson] access to the appellate record." *Id.*

### a. R.C. 1923.04(A)

{¶ 12} Stevenson first argues under this assignment of error that the trial court lacked authority to hear this case because appellees filed their complaint less than three days after serving notice to vacate the premises, contrary to R.C. 1923.04(A), which states, in part:

> a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises . . . three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.
>
> Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: "You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance."

The notice required by R.C. 1923.04(A) is a jurisdictional prerequisite to a complaint for forcible entry and detainer. *See, e.g., Isaiah's Wings, LLC v. Siberian Tiger Conservation Assn.*, 2008-Ohio-2147, ¶ 17 (5th Dist.), citing *Voyager Village Ltd. v. Williams*, 3 Ohio App.3d 288, 291 (2d Dist. 1982); *Youngstown Metro. Hous. Auth. v. Higgins*, 2000 Ohio App. LEXIS 3692, *6 (7th Dist. Aug. 4, 2000); *Gallia Metro. Hous. Auth. v. Fry*, 1994 Ohio App. LEXIS 3448, *5 (4th Dist. Aug. 2, 1994).

{¶ 13} Stevenson admits that appellees' agent posted a three-day notice to leave the premises on the door of the leased premises on June 6, 2025. A copy of that notice is attached as an exhibit to appellees' complaint. The notice conspicuously includes the language required by R.C. 1923.04(A), and Stevenson did not challenge the contents of the notice during the hearing. Stevenson mistakenly claims that appellees improperly filed their complaint less than three business days after serving the R.C. 1923.04(A) notice. Appellees filed their complaint on June 18, 2025, more than three business days after they

served the notice required by R.C. 1923.04(A), and the record therefore demonstrates appellees' compliance with the statute.

### b. Timing of writ and effect of the stay

{¶ 14} Stevenson next argues that the trial court erroneously issued a premature writ of restitution, prior to its entry of judgment and in violation of the stay order. Stevenson is mistaken on both accounts. The trial court's docket indicates that appellees filed a praecipe for a writ of restitution between the time of the magistrate's decision and the trial court's adoption of that decision, but it also indicates that the trial court did not issue the writ and set-out until August 8, 2025, after the trial court entered its final judgment. The writ was not premature.

{¶ 15} Nor did the issuance and service of the writ and set-out violate the trial court's stay. The trial court granted a conditional stay of execution of appellees' judgment pending the resolution of this appeal on August 12, 2025, but commencement of the stay was conditioned upon Stevenson posting a bond with the Clerk of Court by 9:00 a.m. on August 15, 2025. The stay took effect when Stevenson posted the required bond on August 14, 2025, two days after the writ and set-out were served. As the trial court stated, until Stevenson posted the required bond, enforcement of the judgment was "entirely appropriate." (Aug. 14, 2025 Entry.) Thus, enforcement actions prior to August 14, 2025 did not violate the stay.

### c. Other arguments

{¶ 16} Stevenson's remaining arguments under her fifth assignment of error—that the magistrate denied Stevenson the opportunity to present her defense, that the magistrate did not rule on an oral motion for reconsideration, and that she was denied access to a complete appellate record—are not supported by the record.

{¶ 17} For these reasons, we overrule Stevenson's fifth assignment of error.

### 2. Assignment of Error No. 7

{¶ 18} Stevenson's seventh assignment of error challenges the trial court's jurisdiction to enter a final judgment. She claims she filed a notice of appeal on August 6, 2025, which divested the trial court of jurisdiction prior to the trial court's entry of final judgment on August 8, 2025. The record, however, contradicts Stevenson's assertion. Stevenson correctly states that the filing of a notice of appeal generally divests the trial court

of jurisdiction over those aspects of the case on appeal, *see Young v. Young*, 2013-Ohio-4933 (10th Dist.), citing *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 1994-Ohio-219, but Stevenson did not file her notice of appeal in this case on August 6, 2025. Rather, the docket indicates that Stevenson filed her notice of appeal in the trial court on August 11, 2025, and the notice of appeal was docketed in this court on August 14, 2025. Indeed, the notice of appeal itself renders impossible Stevenson's claim that it predated the trial court's final judgment, because it specifically identifies the trial court's August 8, 2025 judgment entry as the judgment being appealed. The trial court had not been divested of jurisdiction before it issued its final judgment, and we accordingly overrule Stevenson's seventh assignment of error.

### C. Assignments of Error Nos. 1 and 2

{¶ 19} We now turn to Stevenson's assignments of error that challenge the trial court's adoption of the magistrate's decision on procedural grounds. Stevenson's first assignment of error states, "The Trial Court Violated Appellant's Due Process Rights by Relying on an Unserved Filing, Ignoring her Objections and Evidence, and Entering Judgment Without the Independent Review Required by Law." (Appellant's Am. Brief at 18.) The central thrust of Stevenson's argument under her first assignment of error is that the trial court erroneously considered appellees' response to her objections to the magistrate's decision. Stevenson's second assignment of error, which is largely duplicative of her first assignment of error, states, "The Trial Court Failed to Conduct an Independent Judicial Review and to Make the Findings Required by Civ.R. 52, Resulting in a Judgment That Violated Appellant's Procedural and Constitutional Rights." *Id.* at 21.

{¶ 20} Stevenson filed her objection to the magistrate's decision on July 15, 2025. On July 30, 2025, appellees filed a "Reply to Defendant's Objection to the Magistrate's Decision," which stated in its entirety:

> On July 15th an eviction hearing was held before Magistrate Kirk Lindsey. The Defendant asserted her opinion that there was an accounting irregularity on the part of the Plaintiff that would affect whether the Defendant had pre-paid rent for the month of July 2025. She presented no evidence of such irregularity. Furthermore, she admitted that she had not paid the rent for the month of June 2025, which was the month for which the eviction action had been filed and for which the hearing was concerning. Based upon the defendant's own

> admission that she did not pay June rent, that it remained unpaid and that she was still in possession of the premises, the magistrate found for the Plaintiff.
>
> Based upon the evidence presented by the Defendant before the Magistrate the objections should be overruled.

(July 30, 2025 Reply.) Contrary to Stevenson's assertion in her appellate brief, the response did not raise new issues or present new arguments; it simply restated the magistrate's rationale. The response contained a certificate of service, affirming that a copy had been mailed to Stevenson at her home address.

{¶ 21} On August 8, 2025, Stevenson filed with the trial court a letter addressed to the Clerk of Courts, in which she claimed she had not received a copy of appellees' response to her objections and stated that, although the docket indicated the response was filed on July 30, 2025, it did not appear on the docket until August 7, 2025. Stevenson contends she was therefore denied the opportunity to respond to appellees' argument.

{¶ 22} The trial court signed its entries overruling Stevenson's objections and adopting the magistrate's decision on August 7, 2025, and it filed those entries on August 8, 2025. The entries do not mention appellees' response, and it is unclear from the entries whether the trial court was aware of and had considered the response. Even assuming the trial court did consider appellees' response, however, Stevenson has not established reversible error. The certificate of service appended to appellees' response gives rise to a presumption that the response was properly served on Stevenson, and Stevenson's statement in her letter to the Clerk of Court is insufficient to rebut that presumption. Additionally, Stevenson's contention that a failure of service denied her the opportunity to respond to appellees' response is unpersuasive, as neither Civ.R. 53(D) nor Loc.R. 99.05 provide for an objecting party's filing of a reply in further support of the party's objections.

{¶ 23} In both her first and second assignments of error, Stevenson argues that the trial court erred by failing to conduct an independent review before adopting the magistrate's decision. When objections to a magistrate's decision have been timely filed, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The court "may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable

diligence, have produced that evidence for consideration by the magistrate." *Id*. An appellate court will presume that a trial court has performed an independent review of a magistrate's recommendation unless the appellant affirmatively demonstrates otherwise. *JCASA v. Dean*, 2021-Ohio-380, ¶ 20 (8th Dist.), citing *Barrientos v. Barrientos*, 2011-Ohio-5734, ¶ 5 (3d Dist.). We reject Stevenson's argument that the trial court failed to comply with its obligations under Civ.R. 53(D)(4)(d).

{¶ 24} Stevenson contends that the trial court neglected its duty because it did not mention any of the exhibits presented at the hearing or submitted after the hearing and did not specifically address the substance of Stevenson's objections. Stevenson, however, has not affirmatively rebutted the presumption that the trial court conducted an independent review of the magistrate's recommendation. "The trial court is not required to 'comment [on] or reference' any portion of the record in undertaking its independent review of the record." *Ernsberger v. Ernsberger*, 2014-Ohio-4470, ¶ 21 (8th Dist.), quoting *Pietrantano v. Pietrantano*, 2013-Ohio-4330, ¶ 18 (12th Dist.). Here, the trial court expressly acknowledged its duty under Civ.R. 53(D)(4)(d) to undertake an independent review of the record as to the matters objected to, and it stated that, in doing so, it had reviewed both the digital recording of the trial before the magistrate and all the filings in the case. Moreover, as permitted by Civ.R. 53(D)(4)(d), the court exercised its discretion in refusing to consider additional evidence submitted by Stevenson that had not been presented to the magistrate, because Stevenson "ha[d] not explained why the evidence attached to her filing was not introduced at trial for the Magistrate's consideration." (Aug. 8, 2025 Entry at 1.) Even now, Stevenson presents no justification for not presenting the additional evidence to the magistrate, nor has she made any showing that she could not, with reasonable diligence, have produced that evidence for the magistrate's consideration.

{¶ 25} With respect to Stevenson's complaint that the trial court did not specifically address her objections, we must note that Stevenson's objections themselves did not address the substance of the magistrate's decision. Rather, the objections generally challenged appellees' assessment of late charges and insufficient-funds charges throughout her tenancy, appellees' alleged failure to credit her for rent she claims she prepaid for July 2025, and appellees' allegedly retaliatory conduct. Notably, Stevenson did not challenge that she did not pay rent for June 2025, the factual basis for the magistrate's decision.

Further, the bulk of Stevenson's objections present matters that Stevenson did not present to the magistrate at trial and/or that are irrelevant to the sole question before the magistrate—whether appellees were entitled to restitution of the property. While the magistrate acknowledged that Stevenson had presented evidence and argument disputing the amount appellees claimed was due and owing under the lease, the magistrate also stated that any dispute regarding the amount owed was irrelevant to appellees' entitlement to a writ of restitution, given Stevenson's own testimony that the rent for June 2025 remained owing.[3] Lack of discussion by the trial court of these issues does not demonstrate that the trial court did not comply with Civ.R. 53(D)(4)(d).

{¶ 26} Stevenson also argues that the trial court erred by not issuing findings of fact under Civ.R. 52, which states in part:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.
>
> . . .
>
> An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Civ.R. 41(B)(2).

The purpose of Civ.R. 52 is " 'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.' " *In re Adoption of Gibson*, 23 Ohio St.3d 170, 172 (1986), quoting *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982). If the " 'court's ruling or opinion, considered in conjunction with the record at trial, provides adequate basis upon which we may review the legal and factual issues upon appeal, there is substantial compliance with Civ.R. 52, and, thus, no reversible error.' "

---

[3] Stevenson also raises arguments under her first assignment of error that she raises elsewhere in her appellate brief—that the writ of restitution was premature, that appellees violated the stay order by posting a set-out notice, and that appellees engaged in improper communication with this court. Those arguments, which we address elsewhere in relation to other assignments of error, are beyond the scope of the first assignment of error and, in any event, afford no basis for reversal.

*Kelly v. Northeastern Ohio Univ. College*, 2008-Ohio-4893, ¶ 29 (10th Dist.), quoting *Hanson v. Rieser*, 1999 Ohio App. LEXIS 5256 (10th Dist. Nov. 9, 1999). A trial court does not err in wholly adopting a magistrate's decision where that decision contains findings of fact and conclusions of law sufficient to set forth the basis of the court's decision and to allow appellate review. *Mayle v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2774, ¶ 12 (10th Dist.), citing *Olesky v. Olesky*, 2003-Ohio-5657.

{¶ 27} The magistrate concluded that appellees were entitled to a judgment for restitution based on its factual findings that Stevenson was past due on rent for June 2025 and that at least some rent was due and owing, while Stevenson remained in possession of the property. And the trial court found that "the Magistrate properly determined, based on [Stevenson's] testimony at trial, that [Stevenson] did not pay June rent, which was the basis for the eviction sought by" appellees. (Aug. 8, 2025 Entry.) Although the trial court did not specifically address Stevenson's objections regarding matters other than what the magistrate decided, the trial court indicated that it conducted an independent review and noted the magistrate's reliance on Stevenson's own testimony as support for his factual findings and, in turn, his conclusions of law. The trial court's entry, coupled with the magistrate's decision, provides this court with an adequate basis upon which to decide this appeal.

{¶ 28} For these reasons, we overrule Stevenson's first and second assignments of error.

### D. Assignments of Error Nos. 3 and 8

{¶ 29} In her third and eighth assignments of error, Stevenson argues that the trial court erred by not addressing various affirmative defenses and by not granting her leave to amend her answer to include affirmative defenses. They state:

> Assignment of Error No. 3
>
> The Trial Court Erred by Failing to Consider Affirmative Defenses of Retaliation, Harassment, Constructive Eviction, and Accounting Violations Under R.C. 5321.02(A), 5321.04, and 5321.16(B), Resulting in a Judgment Contrary to Law and in Violation of Due Process.

(Appellant's Am. Brief at 26.)

> Assignment of Error No. 8

> Improper Denial of Leave to Amend and Evidentiary Hearing;
> Failure to Sanction or Enforce Court Orders Despite
> Procedural Misconduct.

*Id.* at 42.

{¶ 30} Civ.R. 8(C) requires a party answering a complaint to affirmatively set forth any matter constituting an avoidance or affirmative defense. Affirmative defenses not raised in the pleadings or an amendment to the pleadings are waived. *George Byers Sons Inc. v. Smith*, 1999 Ohio App. LEXIS 3648, *4 (10th Dist. Aug. 10, 1999), citing *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). Stevenson's third assignment of error asserts that the trial court erred by failing to address affirmative defenses of retaliation, harassment, constructive eviction, and accounting violations, yet her answer, filed June 25, 2025, did not specifically assert any affirmative defenses to appellees' claim for restitution of the premises. Nor did Stevenson's answer otherwise include allegations of retaliation, harassment, constructive eviction, or accounting violations. Stevenson also did not file an amended answer raising affirmative defenses or counterclaims.

{¶ 31} Civ.R. 15(A) states in part:

> A party may amend its pleading once as a matter of course
> within twenty-eight days after serving it or, if the pleading is
> one to which a responsive pleading is required within twenty-
> eight days after service of a responsive pleading or twenty-eight
> days after service of a motion under Civ.R. 12(B), (E), or (F),
> whichever is earlier. *In all other cases, a party may amend its
> pleading only with the opposing party's written consent or the
> court's leave.* The court shall freely give leave when justice so
> requires.

(Emphasis added.)

Stevenson did not amend her answer as a matter of right within 28 days after serving it. Although she argues the trial court erred by denying her leave to amend her answer, Stevenson did not file a motion for leave to amend her answer. And in the absence of such a motion, we cannot conclude that the trial court abused its discretion by not granting Stevenson leave to amend her answer. This is especially true given the purpose of forcible entry and detainer—to provide a summary, speedy method for the recovery of real property. *See Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 130-131 (1981). Because

Stevenson did not raise affirmative defenses in her answer or by an amended answer with leave of court, the trial court did not err by not addressing the defenses Stevenson raised in her objections to the magistrate's decision.

{¶ 32} Stevenson also argues under her eighth assignment of error that the trial court erred by denying her an evidentiary hearing. Yet Stevenson did receive an evidentiary hearing before the magistrate. She was not entitled to an additional evidentiary hearing before the trial judge. A party is not entitled to a further hearing simply because the party filed objections to a magistrate's decision. While Civ.R. 53(D)(4)(b) allows a trial court to take additional evidence or itself hear a matter previously referred to a magistrate, it does not mandate such a hearing. Consistent with that rule, the trial judge considered the evidence presented to the magistrate and expressly and reasonably stated it would not consider evidence Stevenson submitted after the evidentiary hearing, because Stevenson did not explain why she did not submit that evidence to the magistrate in the first instance.

{¶ 33} For these reasons, we overrule Stevenson's third and eighth assignments of error.

### E.  Assignment of Error No. 4

{¶ 34} Stevenson's fourth assignment of error states:

> The Trial Court Committed Reversible Error in Granting Eviction Where: (1) the Landlord Materially Breached the Lease and Failed to Provide a Verified Accounting as Required by R.C. 5321.16(B); and (2) the Trial Court Summarily Adopted the Magistrate's Findings Without Conducting the Independent Judicial Review Mandated by **Civ.R. 53(D)(4)(d), Thereby Violating Due Process and Appellant's Statutory Rights.**

(Emphasis in original.)  (Appellant's Am. Brief at 30.)  We disagree and overrule this assignment of error.

{¶ 35} We have already addressed and rejected Stevenson's contention that the trial court erroneously adopted the magistrate's decision without first conducting an independent review, as required by Civ.R. 53(D)(4)(d), and we need not address it again here.

{¶ 36} In support of her argument that appellees' misconduct rendered a judgment of restitution improper, Stevenson cites R.C. 5321.16(B), which is inapplicable here.  R.C. 5321.16(B) states:

> Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, *within thirty days after termination of the rental agreement and delivery of possession.*

(Emphasis added.)  R.C. 5321.16(B) requires an accounting of a landlord's application of security-deposit funds to cover past-due rent and damages to the property after the termination of a lease and return of the premises to the landlord, which has not happened here.  Contrary to Stevenson's suggestion, R.C. 5321.16(B) does not afford a tenant, upon demand, an accounting of his or her rental account at any time.

{¶ 37} Appellees filed this action for forcible entry and detainer based on Stevenson's nonpayment of rent for June 2025, which nonpayment Stevenson repeatedly admitted at the hearing before the magistrate. (*See* July 15, 2025 Tr. at 6 ("I understand I owe June's rent"); *id.* at 8 ("I'm not debating June at all . . . because June is still owed"); *id.* at 11 ("And I understand I owe June's rent, and I don't have a problem paying June's rent").) Stevenson's own admission of her nonpayment of her June 2025 rent is an admission of a material breach of the lease.  Coupled with appellees' evidence that they complied with the statutory prerequisites for the requested relief, as set out in R.C. 1923.04, appellees established their right to a writ of restitution.  Even if Stevenson had established that she prepaid rent for July 2025 when she signed the lease in 2023, that prepayment would not have excused her from paying rent for June 2025, the basis for appellees' claim.  Further, Stevenson's argument that appellees acted contrary to the lease regarding the timing of the ACH rent charges is not supported by the record.  The plain language of the lease required each month's rent payment to be made on or before the first day of the month and expressly provided for both late-payment and insufficient-fund fees.  The lease also precluded oral modifications of the lease.  In short, then, Stevenson's arguments that appellees breached

the lease agreement by failing to apply allegedly prepaid rent for July 2025 and by initiating ACH withdrawals for rent in a manner contradictory to the terms of the lease, thus giving rise to improper late-payment and insufficient-funds fees, do not repudiate the only prerequisites to appellees' claim for restitution of the premises. We therefore overrule Stevenson's fourth assignment of error.

### F. Assignment of Error No. 6

{¶ 38} Stevenson's sixth assignment of error sates, "Denial of Stay Pending Appeal Despite Full Compliance with Legal Standard-Moot Stay was granted," but Stevenson acknowledges that assignment of error is now moot. (Appellant's Am. Brief at 39.) We therefore overrule it.

### G. Assignment of Error No. 9

{¶ 39} Stevenson's ninth assignment of error states, "Failure to Enforce Sanctions, Disregard of Procedural Safeguards, and Judicial Tolerance of Misconduct Resulted in a Structurally Unfair Proceeding." *Id*. at 48. Stevenson argues that the trial court erred by failing to enforce applicable rules, failing to sanction appellees for ex parte and bad-faith conduct, and failing to independently review Stevenson's objections to the magistrate's decision. *Id*.

{¶ 40} Much of Stevenson's argument under her ninth assignment of error repeats arguments she has raised—and we have rejected—in her prior assignments of error. Particularly, she references "premature issuance of a writ of restitution, unserved and misleading filings, [and] violation of a stay order." *Id*. Inasmuch as we have already rejected those arguments, finding no error because of a prematurely issued writ, unserved filings, or violations of the trial court's stay order, we will not address those arguments again here.

{¶ 41} In addition to her previous arguments alleging a violation of the trial court's stay order, Stevenson seems to believe that the trial court's stay of the eviction judgment also precludes appellees from pursuing independent remedies for Stevenson holding over her tenancy following the expiration of her lease at the end of August 2025. We disagree. The stay of enforcement of appellees' judgment for restitution based on Stevenson's failure to pay her June 2025 rent does not indefinitely extend Stevenson's tenancy and entitle her to remain in possession of the premises beyond the termination of the lease term. While

the stay precluded appellees from executing the writ of restitution based on Stevenson's failure to pay rent in June 2025, it did not impede any remedy appellees otherwise had to retake possession when the lease expired by its own terms at the end of August 2025.

{¶ 42} Stevenson also argues that appellees engaged in inappropriate ex parte communication with this court. Stevenson points to an August 13, 2025 email from Dimitry Filonenko, the owner of appellee FTD Group LLC, addressed to this court's Deputy Court Administrator, in responses to Stevenson's emergency request for a stay pending appeal, which Stevenson initiated by email on August 12, 2025.

{¶ 43} When a party complains that his due process rights have been violated due to another party's communication with the court, the complaining party must demonstrate that the communication was ex parte. *State v. Sanders*, 2010-Ohio-3433, ¶ 19 (10th Dist.), citing *State v. Jenkins*, 15 Ohio St.3d 164, 236-237 (1984). In *Sanders*, we noted that courts have defined "ex parte communication" in different ways. On one hand, ex parte communication "has been defined by some courts as an act done without notice to an adversely interested party." *Id.*, citing *Keller v. Keller*, 2003-Ohio-6462, fn. 3 (4th Dist.), citing *Black's Law Dictionary* (5th Ed. 1979); *State v. Boddie*, 2001-Ohio-2261 (3d Dist.), citing *Black's Law Dictionary* (6th Ed. 1990); *Metzger v. Thurman*, 1993 Ohio App. LEXIS 3704, fn. 5 (4th Dist. July 27, 1993), citing *D'Acquisto v. Washington*, 640 F.Supp. 594, 621 (N.D.Ill. 1986). On the other hand, we stated, "it has also been held that letters from interested parties attempting to persuade the judge to their viewpoint or to bring some information to the judge's attention constitute improper ex parte communications." *Sanders* at ¶ 20, citing *State ex rel. Beacon Journal Publishing Co. v. Whitmore*, 1998-Ohio-180. The question before the court in *Whitmore*, though, was whether unsolicited letters from members of the public to a judge that attempt to influence a criminal defendant's sentence were public records. The Supreme Court of Ohio stated, "Judges often receive numerous letters from interested parties attempting to persuade the judge to their viewpoint or to bring some information to the judge's attention," and continued, "Many judges have their staff screen and discard such mail because it constitutes an improper ex parte communication, or a judge may, once it becomes apparent what the letter involves, cease reading the letter and, preferably discard the same." *Whitmore* at ¶ 11. The

characterization of such letters as "ex parte," however, was dicta unnecessary to determining whether the letters were "records" under R.C. 149.011(G).

{¶ 44} Under the definitions used in cases like *Keller*, *Boddie*, and *Metzger*, Filonenko's email to this court's administrators does not constitute an ex parte communication, inasmuch as Filonenko copied Stevenson and gave her contemporaneous notice of the communication. (Aug. 14, 2025 Supp. to Emergency Mot. to Enforce Stay Pending Appeal.) Even if it did constitute an ex parte communication though, Stevenson has not established prejudice. *See Sanders* at ¶ 21 ("even if an ex parte communication occurs, the complaining party must still show some prejudicial impact from the ex parte communication"). The email was not addressed to any judge on this court, but to the court administrator. This panel has not considered the contents of the email, as our review is limited to the appellate record. Moreover, the trial court's alleged failure to sanction appellees for sending a post-judgment email to this court cannot have affected the validity of the trial court's preexisting judgment.

{¶ 45} Having found no error by the trial court in the manners Stevenson alleges, we further reject Stevenson's argument that these alleged irregularities demonstrate judicial bias in favor of appellees. Accordingly, we overrule Stevenson's ninth assignment of error.

### H. Assignment of Error No. 10

{¶ 46} Stevenson's tenth assignment of error states: "Cumulative Error Doctrine Applies to Deny Fair Trial[.] Even if individual errors were not sufficient to warrant reversal, their cumulative impact denied Appellant a fair trial and meaningful opportunity to be heard." (Appellant's Am. Brief at 53.)

{¶ 47} "Under the doctrine of cumulative error, an appellate court will reverse a criminal conviction if 'the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal.' " *Jenkins v. Grawe*, 2019-Ohio-2013, ¶ 59 (10th Dist.), citing *State v. Powell*, 2012-Ohio-2577, ¶ 223. It is well-established in this appellate district that the cumulative-error doctrine is not generally employed in civil matters. *Id.*, citing *Stanley v. Ohio State Univ. Med. Ctr.*, 2013-Ohio-5140 (10th Dist.). Even if we could apply the cumulative-error doctrine in this civil case, however, there is no basis for considering the question of cumulative error because we have not found any individual error by the trial

court.  *Id.*, citing *Bogdas v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-6327, ¶ 43 (10th Dist.).  Accordingly, we overrule Stevenson's tenth assignment of error.[4]

## IV.  CONCLUSION

{¶ 48}  Having overruled each of Stevenson's assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

_____

[4] Under the tenth assignment of error, Stevenson also alleges error by the Clerk of Courts in failing to timely docket post-judgment motions Stevenson submitted by fax and error by the trial court in allegedly ignoring unspecified mandates from this court; these alleged errors are outside the appellate record and are not properly before this court.